[J-3-2014] [MO: Stevens, J.]
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 680 CAP |
| | : |
| Appellee | : Appeal from the Judgment of Sentence |
| | : entered on 10/04/2012 in the Court of |
| | : Common Pleas Criminal Division of |
| v. | : Adams County at No. CP-01-CR- |
| | : 0001180-2010. |
| | : |
| CHRISTOPHER LYNN JOHNSON, | : |
| | : |
| Appellant | : ARGUED:  March 11, 2014 |

**CONCURRING AND DISSENTING OPINION**

**MR. JUSTICE BAER**                    **DECIDED:  December 30, 2014**

Although I join the Majority's disposition of guilt phase claims presented by Christopher Lynn Johnson (Appellant), I must respectfully dissent from its resolution in Part VI of the Majority Opinion rejecting Appellant's claim of trial court error in denying his motion to quash the aggravating circumstance that he killed while "in perpetration of a felony" under 42 Pa.C.S. § 9711(d)(6),[1] when his underlying felony conviction contemporaneous with the murder was for unlawfully possessing a firearm. See 18 Pa.C.S. § 6105 (providing that individuals who have been convicted of specific

---

[1] The Section 9711(d)(6) aggravating circumstance may be used by the Commonwealth against a defendant where "[t]he defendant committed a killing while in the perpetration of a felony."  42 Pa.C.S. § 9711(d)(6).

qualifying offenses are not permitted to "possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth."). Because I agree with Appellant's argument that the (d)(6) aggravating circumstance should not encompass the felony of unlawfully possessing a firearm, I would remand for resentencing without permitting the jury to consider the (d)(6) aggravating circumstance.

Appellant argues that the only felonies the legislature intended to include as an aggravating circumstance pursuant to (d)(6) are the six serious felonies enumerated in the Crimes Code's definition of "perpetration of a felony" at 18 Pa.C.S. § 2502(d). This Section defines "perpetration of a felony" as "[t]he act of the defendant in engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping." 18 Pa.C.S. § 2502(d) (hereafter, the "Section 2502(d) felonies"). According to Appellant, the legislative history demonstrates that prior to the U.S. Supreme Court's decision in Furman v. Georgia, 408 U.S. 238 (1972) (interpreting the Cruel and Unusual Punishments Clause of the Eighth Amendment to hold that death sentences--as then applied--were unconstitutional), 18 Pa.C.S. § 2502 and 42 Pa.C.S. § 9711 were part of the same statute, and the "perpetration of a felony" criteria were intended as elements of first-degree murder.

In response to Furman and its progeny, however, the General Assembly severed the statute into the present day murder provision in the Crimes Code, 18 Pa.C.S. § 2502, and the death penalty statute in the Sentencing Code, 42 Pa.C.S. § 9711. Thus, the perpetration of a felony criteria became an aggravating circumstance instead of an

element of the crime of first-degree murder.[2]  See Robinson, 877 A.2d 433 at 454 n. 3 (Saylor, J., explaining the legislative history argument and the legislative response to Furman).  According to Appellant, when all of this occurred, the legislature inadvertantly omitted importing the definitional section of the Crimes Code (18 Pa.C.S. § 2502) into the Sentencing Code (42 Pa.C.S. § 9711), which would have limited the definition of "perpetration of a felony" to the six Section 2502(d) felonies.  Additionally, Appellant argues that Pennsylvania is the only state that allows all felonies, rather than these six serious felonies, to serve as an aggravating circumstance.

The Majority observes that we rejected this argument in Commonwealth v. Walker, 656 A.2d 90 (Pa. 1995), and Commonwealth v. Robinson, 877 A.2d 433 (Pa. 2005), and concluded that a jury may find the "in perpetration of a felony" aggravating circumstance for any felony contained in the Crimes Code, 18 Pa.C.S. § 101 et seq, including a felony conviction for unlawful possession of a firearm as asserted by the Commonwealth in this case.

The Majority is correct that the generalized argument presented by Appellant was considered and rejected in Robinson, notwithstanding a dissenting opinion by Justice Saylor, which I joined, and my separate concurring and dissenting opinion, in which I explained my agreement with the defendant's argument.  See Robinson, 877 A.2d at 450 (Baer, J., concurring in part and dissenting in part).  Although stare decisis would command adherence to Walker and Robinson in this case if Appellant were simply

---

[2]  The Supreme Court later held in Zant v. Stephens, 462 U.S. 862, 877 (1983) that, to satisfy the constitutional standard derived from Furman, an aggravating circumstance "must genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant as compared to others found guilty of murder."

presenting the same argument already considered therein, Appellant is instead offering a new argument, which I find persuasive, in support his legislative history position.

In particular, Appellant relies on 42 Pa.C.S. § 9711(d)(13),[3] which was added in 1989 and added a new aggravating circumstance for killing in the perpetration of certain drug-related felonies. According to Appellant, these drug-related crimes were already felonies when the Section 9711(d)(6) ("killing in perpetration of a felony") aggravator was enacted in 1978; therefore, if the legislature intended the (d)(6) aggravator to encompass all felonies, there would have been no need for the legislature to add (d)(13) to the statute in 1989.

I find the logic of Appellant's argument to be a compelling reason to deviate from Robinson, as it calls into question the soundness of our rejection of the legislative history argument therein. If Section 9711(d)(6) already included all felonies in 1978, the legislature would have had no need to add the separate aggravating circumstance of (d)(13) for drug-related felonies in 1989.

Accordingly, because I accept Appellant's argument that the felony of unlawful possession of a firearm is not a proper qualifying offense for the (d)(6) felony aggravating circumstance, I dissent from the Majority's affirmance of the death penalty reached following the jury's consideration of the (d)(6) aggravator. See Commonwealth

---

[3]    The Section 9711(d)(13) aggravating circumstance is defined as follows:

The defendant committed the killing or was an accomplice in the killing, as defined in 18 Pa.C.S. § 306(c) (relating to liability for conduct of another; complicity), while in the perpetration of a felony under the provisions of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act,1 and punishable under the provisions of 18 Pa.C.S. § 7508 (relating to drug trafficking sentencing and penalties).

v. Williams, 640 A.2d 1251, 1263 (Pa. 1994) ("A death sentence is to be reversed only if the jury relied on an unsupported and, therefore, improper aggravating circumstance in rendering its penalty phase verdict."); Commonwealth v. Williams, 650 A.2d 420, 430 (Pa. 1994) ("Where we strike down an aggravating circumstance and other aggravating circumstances are present along with a finding of a mitigating circumstance, we are not in a position to determine whether the lack of the aggravating circumstance struck down would have changed the jury's determination and, pursuant to 42 Pa.C.S. § 9711(h)(4), we are required to vacate the penalty of death and remand for a new sentencing hearing.").

Former Justice McCaffery did not participate in the decision of this case.

Mr. Chief Justice Castille and Mr. Justice Eakin join the opinion.

Mr. Justice Saylor files a concurring opinion.

Madame Justice Todd joins this concurring and dissenting opinion.